Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 0188 | **DATE** | 1/12/11 |
| **CASE TITLE** | Seneca Smith (#K-76299) v. Dr. Hallberg, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to file *in forma pauperis* [#3] is granted. The Court authorizes and orders the trust fund officer at Plaintiff's place of incarceration to collect monthly payments from Plaintiff's trust fund account in accordance with this order. The Clerk is also ordered to forward a copy of this order to the inmate trust fund office at Stateville Correctional Center to facilitate compliance. The Clerk is directed to issue summonses for Defendants Hallberg, Stien, Jones, and Morjo and the United States Marshals Service is appointed to serve them. The Clerk shall send to Plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order. Status hearing set for 4/1/11 at 10:00 a.m.

■ [For further details see text below.]     Docketing to mail notices.

## STATEMENT

Plaintiff, Seneca Smith, a.k.a. Roger Williams, presently in state custody at Stateville Correctional Center, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that Defendants, Drs. Hallberg, Stien, Jones, and Morjo, and unnamed mental health staff and doctors, violated his constitutional rights by being deliberately indifferent to a serious medical condition while he was housed at the Cook County Jail from March 25, 2009, to January 23, 2010. More specifically, Plaintiff alleges that, during the relevant time period at Cook County Jail, he repeatedly requested psychiatric assistance and medication, which he was denied. Plaintiff alleges that, due to his inability to procure adequate treatment, he suffered from severe depression, stopped eating and couldn't sleep, leading him to attempt suicide.

Plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is assessed an initial partial filing fee of $59.25. The trust fund officer at Plaintiff's current place of incarceration is ordered to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the trust fund officer is authorized to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, IL 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. The Stateville Correctional Center inmate trust account office shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred to another correctional facility.

**(CONTINUED)**

                                                                                                  AWL

## STATEMENT

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt initial review of prisoner complaints against governmental entities or employees. Here, accepting Plaintiff's factual allegations as true, the Court finds that the complaint states a colorable cause of action as to Defendants Hallberg, Stien, Jones, and Morjo (hereinafter, "Defendants") under the Civil Rights Act. *Sanville v. McCaughtry*, 266 F.2d 724, 734 (7th Cir. 2001). While a more fully developed record may belie Plaintiff's allegations, Defendants must respond to the complaint.

The Clerk shall issue summonses forthwith to Defendants and send Plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order.

The United States Marshals Service is appointed to serve Defendants. Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve Defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve Defendants. With respect to former correctional employees who no longer can be found at the work address provided by Plaintiff, the Cook County Department of Corrections shall furnish the Marshal with Defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to Defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

Plaintiff has named to John Doe Defendants in his complaint. Once Plaintiff has obtained service on the Defendants, and an attorney has entered an appearance on their behalf, Plaintiff may send defense counsel interrogatories (that is, a list of questions) eliciting information regarding the identity of the Defendants who allegedly violated Plaintiff's constitutional rights. *See* Fed. R. Civ. P. 33. After Plaintiff learns the John Doe Defendants' identities, he may seek leave to amend the complaint to substitute their names for those of the John Does. Summonses will then issue for service on the Defendants in interest. Plaintiff is advised that there is a two-year statute of limitations for civil rights actions; he should therefore attempt to identify the John Does as soon as possible. *See Worthington v. Wilson*, 8 F.3d 1253, 1256-57 (7th Cir. 1993); *see also Wood v. Worachek*, 618 F.2d 1225, 1230 (7th Cr. 1980).

Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Plaintiff must provide the original plus a judge's copy of every document filed. In addition, Plaintiff must send an exact copy of any Court filing to the defendants [or to defense counsel, once an attorney has entered an appearance on their behalf]. Every document filed must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the Court or returned to Plaintiff.